UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH L. WALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00403 |
| ) | CHIEF JUDGE CRENSHAW |
| COMMISSIONER TONY PARKER, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Joseph L. Wales, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, has filed a pro se complaint for violation of his civil rights under 42 U.S.C. § 1983. (Doc. No. 1.) He has also filed an amended application for leave to proceed in forma pauperis (IFP). (Doc. No. 6.)

**I. Application to Proceed IFP**

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 6) will be granted by Order entered contemporaneously herewith.

**II. Initial Review of the Complaint**

    **A. PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.     Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**C.     Allegations and Claims**

Plaintiff alleges that, on February 22, 2017, he was moved to A-Unit, C-pod, Cell 201, in protective custody. (Doc. No. 1 at 3.) Prior to this move, he had "passed out in the medical building." (Id.) Upon Plaintiff's arrival at this protective custody unit, several correctional officers, including Captain Justine Howell, attempted to strip Plaintiff down and left his pants hanging halfway off, exposing his buttocks. Plaintiff was left in this semi-nude state for several minutes following the attempted strip-down, in handcuffs and unconscious. (Id.) While Plaintiff was lying unconscious and half-clothed, Defendant Howell discharged a whole can of Oleoresin Capsicum (OC) on his body, focusing on his face and private area. (Id. at 3–4.) Plaintiff remained unconscious and neither moved nor spoke during this incident, though he recalls a different officer arriving at the scene and stating "something is wrong, I don't want no part of this." (Id. at 3.) He further recalls Howell, in response to Plaintiff's lack of any reaction to the spray, "clearly stating, 'oh shit, he's not playing, get him out of there.'" (Id. at 4.) Howell subsequently wrote Plaintiff up for defiance. (Id.)

Plaintiff alleges that Howell's actions against him constitute the excessive use of force, cruel and unusual punishment, assault and battery, retaliation, and abuse of authority. (Id. at 3–4.) Plaintiff alleges that, since the February 22, 2017 incident, he has suffered physical pain, difficulty breathing, visual disturbances, and headaches, as well as mental and emotional distress. He has requested physical and mental examinations and therapy on more than ten occasions, without response. (Id. at 4.)

Plaintiff alleges that he filed a grievance against Howell after this incident, and that Defendants Pierce, Pittman, and Parker deprived him of due process in proceedings on that grievance. (Id. at 5–6.) He alleges that Pierce refused to conduct a hearing on his grievance, instead falsely stating that a hearing was held in Plaintiff's absence, at a time when Plaintiff "was under the Segregation-Lock down in the same building where the Grievance Board was located." (Id. at 5.) Plaintiff alleges that Pittman agreed with a subordinate's response to his grievance without even reading the response, and that Parker agreed with Pittman's endorsement of this initial response. (Id. at 5–6.) These officials allowed Plaintiff's grievance against Howell to be dismissed despite the fact that Plaintiff had not been heard on the matter. (Id. at 8.)

Plaintiff sues all Defendants in their individual capacity, and requests an award of compensatory and punitive damages, as well as declaratory and injunctive relief. (Id. at 9–10.) He claims that Howell's actions amount to excessive force, cruel and unusual punishment, assault and battery, and retaliation/abuse of authority. (Id. at 3–4, 7–8.) He claims that Pierce, Pittman, and Parker violated his right to due process by their mishandling or approval of the grievance review in his case, which included a hearing that was either conducted in Plaintiff's absence or not conducted at all. (Id. at 5–6, 8–9.)

4

D. **Analysis**

1. **Claims against Howell**

The Court finds that the allegations against Howell are sufficient to state a colorable claim of excessive force in violation of the Eighth Amendment. In determining the sufficiency of an excessive force claim, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). Plaintiff alleges that Howell discharged an entire can of pepper spray on him while he was unconscious, spraying him mainly in the nose, mouth, and private area. (Doc. No. 1 at 3–4.) His allegations suggest that Howell believed him to be feigning unconsciousness, and used the pepper spray in an effort to provoke a response. The disciplinary report attached to Plaintiff's complaint states that Howell was initially called to the scene—and Plaintiff was subsequently charged with defiance—because he "was refusing to strip out to be placed on constant watch." (Doc. No. 1-1 at 3.)

The Sixth Circuit has held that a pro se prisoner sufficiently plead an Eighth Amendment excessive force claim based on facts similar to those alleged here. In Williams v. Curtin, the Sixth Circuit reviewed the district court's dismissal of a claim based on the inmate's allegation that an extraction team arrived at his cell and told him to "pack up," and that when he inquired, "What for, sir?," the team entered his cell and used a chemical agent on him. 631 F.3d 380, 384 (6th Cir. 2011). Although an attachment to the inmate's complaint indicated that he did not submit to the extraction team's efforts to enter his cell peacefully, the Sixth Circuit noted that, although the district court may consider exhibits to a complaint on initial screening, the inmate "[did] not make such an admission in his actual Complaint and the allegations contained therein may be understood to indicate that the degree of force applied was unreasonable." Id. at 384 n.2. The Sixth Circuit

further observed that, while the inmate's claim "could have been stated in stronger terms, the district court's dismissal was nonetheless premature given the liberal construction accorded to *pro se* pleadings." Id.

In the instant case, Plaintiff's allegation of unconsciousness during the incident with Howell is undermined by his allegation that he remembers particular statements being made before and after the pepper spray was applied. Moreover, an exhibit to the complaint suggests that Howell was at least initially confronted with a need to maintain or restore discipline. However, the allegations of the complaint itself indicate that Plaintiff was restrained in handcuffs, non-combative, and unresponsive (if not unconscious) when the pepper spray was used against him, causing some degree of injury to Plaintiff. Presuming the truth of these allegations, and consistent with Williams, the Court finds that Plaintiff has stated a colorable excessive force claim.

Plaintiff also claims that Howell's actions "constitute the tort of assault and battery under the law of the State of Tennessee in violation of Tennessee Code Annotated §§ 39-13-101, et seq." (Doc. No. 1 at 8.) To the extent that Plaintiff asserts a state tort claim for assault and battery, that claim may properly be litigated under this Court's supplemental jurisdiction, as pendent to the excessive force claim. 28 U.S.C. § 1367(a); see Lee v. Metro. Gov't of Nashville and Davidson Cnty., 596 F. Supp. 2d 1101, 1118 (M.D. Tenn. 2009) (analyzing excessive force claims and Tennessee common law battery claims under same principles). But to the extent that Plaintiff seeks relief under § 39-13-101, a criminal statute defining the offense of assault, such relief is unavailable in this civil action. Thompson v. Williamson Cnty., Tenn., 965 F. Supp. 1026, 1037 (M.D. Tenn. 1997).

Plaintiff also fails to allege a colorable claim that Howell's actions were retaliatory. His complaint merely denominates as "Retaliation/Repeated Abuse of Authority" the allegations that

Howell sprayed him with pepper spray and then wrote him up for defiance. (Doc. No. 1 at 4.) There is no other indication in the complaint that either action by Howell was motivated by retaliatory animus or in response to the exercise of Plaintiff's constitutional rights. In fact, the grievance which Plaintiff subsequently filed against Howell and attached to his complaint describes the incident with Howell as "the second incident in just a few short months[.]" (Doc. No. 1-1 at 6.) In short, the allegation of retaliation is conclusory, and fails to state a colorable claim. Cf. Manning v. Bolden, 25 F. App'x 269, 272 (6th Cir. 2001) (finding that complaint "did more than conclusorily allege that the defendants had retaliated against him," as it referenced "a chronology of events" preceded by instances of prisoner's protected conduct).

### 2. Claims against Pierce, Pittman, and Parker

Plaintiff's claims for due process violations occurring during prison grievance proceedings are subject to dismissal. "Complaints about the quality of prison grievance procedures do not support a constitutional claim because there is no constitutional right to an effective, fair, or properly functioning prison grievance procedure and a prison inmate does not have a protected interest in prison grievance procedures." Bassham v. Hodge, No. 1:11-0013, 2011 WL 5117717, at *4 (M.D. Tenn. Sept. 22, 2011), report and recommendation adopted, No. 1:11-0013, 2011 WL 5117783 (M.D. Tenn. Oct. 27, 2011) (citing, e.g., Walker v. Michigan Dep't of Corr., 128 Fed. Appx. 441 (6th Cir. Apr.1, 2005)). "Further, allegations that a prison official failed to follow an internal prison policy are not sufficient to support a constitutional claim." Id. (citing Black v. Parke, 4 F.3d 442, 448 (6th Cir.1993), and Barber v. City of Salem, Ohio, 953 F.2d 232, 240 (6th Cir.1992)). Plaintiff's due process claims against Defendants Pierce, Pittman, and Parker must therefore be dismissed.

7

### 3. Medical Care Claim

Finally, the Court does not construe Plaintiff's allegation that more than ten requests for medical care by "a qualified [and] independent physician, eye doctor and for mental evaluation" were ignored (Doc. No. 1 at 4, 7) as raising a colorable Eighth Amendment claim of deliberate indifference to his serious medical needs. Plaintiff does not explicitly assert any such claim, but appears to include this allegation to demonstrate that physical and mental harm was inflicted by the action/inaction of all Defendants. (Id.) He does not allege that any Defendant had personal knowledge of his medical requests or was personally involved in the denial of the requested treatment, as required to plead a colorable claim under § 1983. Hammonds v. L.P.N. John, No. 3:15-cv-01141, 2016 WL 109976, at *3 (M.D. Tenn. Jan. 8, 2016). Accordingly, no deliberate indifference claim is stated against any Defendant at this time.

## III. Conclusion

In light of the foregoing, Plaintiff's claims against Defendant Howell for excessive force under the Eighth Amendment and for assault and battery under state tort law will be allowed to proceed for further development. The Court will dismiss Plaintiff's retaliation claim against Defendant Howell, as well as all claims against Defendants Pierce, Pittman, and Parker.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE